DRULEY v. KELLER, ADMR., ET AL.

(No. 58553—Decided December 19, 1966.)

Mr. Chester T. Freeman, for plaintiff.
Mr. Robert J. Dodd, Jr., Mr. Theodore Twynham, and Messrs. Spidel, Staley, Hole & Hanes, for defendants.

GOLDMAN, J. This matter is before the court on a petition on appeal from a decision and order of the Industrial Commission of Ohio, dated June 28, 1963, denying appellant's motion filed on April 12, 1963, requesting reimbursement for moneys spent by appellant for doctors' bills. The Industrial Commission ruled that it had no jurisdiction to consider the motion. The defendant Administrator of the Bureau of Workmen's Compensation filed an answer consisting of a first and second defense. In his second defense the administrator alleged that this court had no jurisdic-

tion over the subject matter of reimbursement of medical expenses. The defendant employer also filed an answer, but did not thereafter appear either in person or by counsel at any of the subsequent hearings or conferences, although notified of same.

On April 19, 1966, following a pretrial conference, a pretrial order was drawn, the third paragraph of which is as follows:

"It is agreed and stipulated that the sole issue to be determined in the trial of this cause is the matter raised in the second defense of the answer of the administrator of the Bureau of Workmen's Compensation, which defense raises the issue of the jurisdiction by this court over the subject matter of reimbursement of medical expenses in the sum of $904.17, as therein stated."

The pretrial order also stipulated that the parties would withdraw their demands for trial by jury, and that the matter would be heard by this court without the intervention of a jury. It was further agreed and stipulated that all the motions and memoranda heretofore filed would be made part of the record and be considered by the court at the time of hearing, insofar as they were relevant.

This matter subsequently came on for hearing pursuant to said pretrial order, at which time *no* testimony was offered, and the case was submitted to the court on the record and memoranda and briefs theretofore filed and such additional briefs as were then ordered.

The issue raised by the second defense, having to do with the jurisdiction of this court, was first raised by a motion by the administrator for an order dismissing the notice of appeal. Said motion was heard by a judge of the Court of Common Pleas for Clark County other than the author of this opinion, and was overruled. Thereafter a motion for summary judgment was filed by the defendant administrator, raising substantially the same issue now before this court with respect to the jurisdiction of the court. The motion for summary judgment was supported by affidavits and memoranda, and was submitted for decision to this court. On January 20, 1966, this court rendered its

decision on the motion for summary judgment, and in its written opinion discussed and ruled on the arguments raised both in support of and contra the motion for summary judgment. This court ruled that the Industrial Commission *did* have jurisdiction to consider appellant's motion before it, and that the appeal from its ruling on June 28, 1963, denying jurisdiction, properly conferred jurisdiction upon this court. The court overruled the motion for summary judgment.

In view of the provisions of the pretrial order, which submits the entire record to the court, including the decision by this court on the motion for summary judgment, that opinion is incorporated in toto and made a part of this decision by reference.

When this case was submitted to this court for final decision, brief oral argument was had, and the arguments heretofore considered were renewed. However, the defendant administrator added certain contentions with respect to the question of jurisdiction not previously raised, and elaborated upon the same in his brief filed following said hearing.

In addition to the arguments previously made, the defendant administrator now contends that the order appealed from was in reality one refusing to grant an award of medical expenses pursuant to the discretionary provisions of Section 4123.66, Revised Code, and thus is not an order from which an appeal may be properly taken under Section 4123.519, Revised Code. In support of this contention, an unreported case is cited, in which refusal to make an award under Section 4123.66, Revised Code, was presumably held not to be appealable.

However, an examination of the order appealed from in the instant case suggests it was not merely an order refusing to make an award pursuant to the exercise of its discretion as provided for in Section 4123.66, Revised Code, but rather a decision holding that the commission had no jurisdiction to consider the claimant's motion for an order to pay medical expenses because proper and timely procedures allegedly were not followed. This court in its pre-

vious decision has already ruled that the procedure followed by appellant created no bar to consideration of her claim by the Industrial Commission. With respect, however, to this more recent contention, it is the opinion of this court that the decision by the Industrial Commission denying on jurisdictional grounds the right of appellant to have her claim considered was a final decision and other than one as to the extent of disability, and therefore comes within the provisions of Section 4123.519, Revised Code. This court is of the further opinion that a decision favorable to appellant is not tantamount to compelling an award, but only grants appellant the right to participate in the fund. The extent of such participation and the award, if any, thereafter to be made, is still to be determined, and a ruling by this court in favor of appellant would not direct or control any discretion which the Industrial Commission of Ohio may properly exercise.

Upon consideration of the record and for the reasons above advanced, this court finds in favor of the plaintiff and grants her the right to participate in the Workmen's Compensation Fund of Ohio.

An entry in accordance with this decision may be drawn and submitted.